**John W. WEBSTER, Plaintiff,**

v.

**Connie MANN, Defendant.**

**No. 90–CV–270H.**

United States District Court,
W.D. New York.

Jan. 2, 1996.

John W. Webster, pro se.

Douglas Cream, Buffalo, NY, for Defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment, in accordance with 28 U.S.C. § 636(c). Pending for decision is defendant's motion for summary judgment (**Item 51**), and plaintiff's cross-motion for summary judgment (**Item 58**). For the following reasons, defendant's motion is granted, and plaintiff's cross-motion is denied.

## BACKGROUND

Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 on March 14, 1990. In his complaint plaintiff alleged that Thomas Coughlin, Dennis Sherman, Walter Kelly, T.L. McIntyre, and Connie Mann had violated his First and Fourteenth Amendment rights by reading and confiscating his personal mail.

It also alleged that his due process rights were violated because the prison officials had not complied with the New York State Department of Correctional Services ("NYS-DOCS") Directive 4422.

By an order dated June 26, 1991, the Hon. Richard J. Arcara granted defendants Coughlin and Kelly's summary judgment motion dismissing them from the case (**Item 35**). Thereafter, defendants Sherman and McIntyre were dismissed from the case for lack of personal involvement (**Item 44**). Connie Mann is the only remaining defendant in the case.

The following facts are not disputed. On or about May 12, 1989, defendant Mann, Senior Mail and Supply Clerk at Attica Correctional Facility ("Attica"), opened a letter addressed to plaintiff from Robin Silvernail. The letter was opened to inspect for any contraband pursuant to Directive 4422, section III.G. When she opened the letter, a pamphlet from the New York State Department of Motor Vehicles ("DMV") regarding non-drivers identification cards fell out. Her curiosity being aroused, defendant Mann scanned the contents of the letter. It also contained hand-written instructions on creating false identification, an impressed seal of the State of New York, and a photocopy of the DMV pamphlet. These materials have been filed under seal as Item No. 55.

These documents were confiscated by defendant and given to her supervisor. The documents were then turned over to the state police. The police obtained a search warrant to inspect Ms. Silvernail's residence (**Item 1, Ex. A**). Evidence of criminal activity was seized during the search, and Ms. Silvernail was indicated and pled to criminal possession of a forged instrument. No criminal action was taken against plaintiff, nor was he disciplined by prison officials in any way.

Defendant now moves for summary judgment dismissing the complaint in its entirety on the grounds that plaintiff's First Amendment rights were not violated and that she complied with the Directive 4422, or alternatively, that she is not liable because of qualified immunity. Plaintiff cross-moves for summary judgment.

## DISCUSSION

### I. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In reaching this determination, the court must assess whether there are any

material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Allen v. Coughlin,* 64 F.3d 77, 79 (2d Cir.1995). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Bryant v. Maffucci,* 923 F.2d 979 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

■ Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts, or on the basis of conjecture or surmise. *Maffucci, supra* (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

■ As an initial matter, there is no question that prison officials may open incoming mail to ensure that no contraband is contained in the correspondence. *See Wolff v. McDonnell,* 418 U.S. 539, 574–77, 94 S.Ct. 2963, 2982–85, 41 L.Ed.2d 935 (1974); *Sostre v. McGinnis,* 442 F.2d 178, 199–200 (2d Cir. 1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). In addition, there is no dispute that Directive No. 4422 is reasonably related to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *see Giano v. Senkowski,* 54 F.3d 1050 (2d Cir.1995).

■ Plaintiff argues that Ms. Mann violated section III.G. of Directive 4422 and accordingly denied him due process. Specifically, plaintiff states that defendant Mann unjustifiably read his incoming letter without obtaining appropriate authorization from the superintendent, did not follow the chain-of-custody documentation requirements, and did not notify plaintiff of the interception and confiscation of his mail.

The relevant provisions of Directive 4422 § III.G. are as follows:

1. All incoming general correspondence will be opened and inspected for cash, checks, money orders, or contraband. . . .

\* \* \* \* \* \*

3. When, in the course of inspection, contraband is found . . . it shall be removed and forwarded to the security office, with appropriate chain-of-custody documentation. When appropriate, the State Police shall be notified.

4. Incoming general correspondence . . . will not be read unless there is evidence that the correspondence may contain one or more of the following:

   a. plans for sending contraband in or out of the facility;

   b. plans for criminal activity . . .

\* \* \* \* \* \*

5. Written authorization from the facility Superintendent to read incoming mail must be placed in the inmate's file specifying the reasons such action is considered necessary and whether all mail or certain correspondence shall be read. Such authorization shall be for 60 day period subject to renewal by the Superintendent. The Superintendent shall request documentation from the person recommending inspection to determine that there are sufficient grounds for reading the mail, that the reasons for reading the mail are related to the legitimate interests of safety, security, and order, and that the reading is no more extensive than necessary to further these interests.

6. When incoming general correspondence is withheld . . . notification shall be sent to the sender and the intended correspondent of the action taken and reasons therefore, unless doing so would interfere with an ongoing investigation.

**(Item 55, Ex. E).**

Defendant claims that she complied with the Directive and in the course of inspection she found the copy of the DMV pamphlet. In reading plaintiff's mail, defendant noticed discussion on creation of false identification and a reproduction of the seal of

New York State (**Item 51**). Thereafter, defendant forwarded the letter to the Security Department at the prison and a subsequent investigation was conducted (**Item 39**). The investigation resulted in confiscation of incriminating evidence against plaintiff and his female correspondent.

Here, defendant's actions were pursuant to the Directive in inspecting and reading the incoming mail. After finding the DMV pamphlet on obtaining identification cards, defendant's belief that the letter contained plans for criminal activity and/or for sending contraband in and out of the prison facility was reasonable. Defendant's belief was confirmed by the contents of the letter and items seized from Ms. Silvernail's residence.

In addition, the defendant properly forwarded the letter to the appropriate security personnel. There is no indication in the Directive that defendant Mann was responsible for documenting the chain-of-custody.

Plaintiff argues that factual issues exist as to whether authorization from the superintendent was obtained, and whether plaintiff should have been notified of the confiscation of his mail considering that there was no ongoing investigation at the time the letter was opened and read. These arguments relate to subparts 5 and 6 of Directive 4422 § III.G.

Nevertheless, the existence of these factual issues does not preclude granting defendant's summary judgment motion. Even assuming that defendant did not follow certain provisions of the Directive, a due process claim premised upon a prison official's failure to follow state procedural rules or regulations standing alone, is not a sufficient basis for a § 1983 claim. *see Bolden v. Alston,* 810 F.2d 353, 358 (2d Cir.), *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987); *see also Purnell v. Lord,* 952 F.2d 679, 685 (2d Cir.1992) (doubting whether Directive 4422 creates a liberty interest under the Due Process Clause).

Accordingly, plaintiff's due process rights were not violated. Because I find that plaintiff has not met his summary judgment burden, and that defendant has proved as a matter of law that she is entitled to judg-

ment, I do not find it necessary to address defendant's qualified immunity defense.

### CONCLUSION

Based on the foregoing, defendant's summary judgment motion (Item 51) is granted, and plaintiff's cross-motion for summary judgment (Item 58) is denied.

**SO ORDERED.**